RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ALEXANDER E. STEVKO (CA Bar No. 301359)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-06863
Tel:   202-616-2380
Fax:   202-307-0054
Email: Alexander.Stevko@usdoj.gov

Of Counsel:
NICHOLAS A. TRUTANICH
U.S. Attorney
District of Nevada
*Attorney for United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Michael E. & Laura A. Gentry,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Treasury Department.<br><br>Defendant. | Case No.: 3:18-cv-00581-MMD-CBC<br><br>MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT<br>(First Request) |

## MOTION

The United States of America, by and through its undersigned counsel, submits this motion requesting an extension of time to respond to the complaint (Doc. 1). Plaintiff Michael Gentry attempted to serve the complaint on the U.S. Attorney for Nevada by mailing a copy of it and the summons by certified mail on December 21, 2019. If this attempted service was proper, pursuant to Rule 12(a)(2), the United States has to answer within sixty days, or by February 19,

Motion for Extension                                  1
Case No. 3:18-cv-00581-MMD-CBC

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

2019. December 21, 2019 was the first day on which a lapse in government appropriations caused both IRS employees and the undersigned Department of Justice attorney assigned to this case to be furloughed. The lapse of appropriations ended on January 25, 2019, but the United States was not able to work on a response to the complaint during those thirty-five days. The United States therefore requests an extension of at least thirty-five days (to March 26, 2019) to respond to the complaint. This will allow the IRS and the United States sufficient time to gather and review records and prepare a substantive response. If, however, the Court finds that service by Plaintiffs was improper, the United States does not need to respond to the complaint at all at this time. On February 4, 2019, counsel for the United States spoke with Michael Gentry who stated that he opposed this motion.

## POINTS AND AUTHORITIES

### Factual Background

Plaintiffs filed their complaint on December 10, 2018. The complaint seeks a tax refund and damages for libel from the United States for allegedly improper tax collection. On January 8, 2019, Plaintiffs filed their proof of service (Doc. 5), which states that Michael Gentry sent a copy of the summons and complaint by certified mail to the United States Attorney for the District of Nevada on December 21, 2018 – it also says that he sent copies to the IRS and the U.S. Attorney General. Due to a lapse in appropriations, counsel for the United States was prohibited from working on this case from December 21, 2018 to January 25, 2019. On January 15, 2019, the United States filed a Motion to Stay (Doc. 7) in light of the lapse of appropriations, which the Court granted (Doc. 8). The Court lifted the stay on January 29, 2019 (Doc. 11).

On February 4, 2019, counsel for the United States spoke with Michael Gentry by telephone to discuss an extension of time to respond to the complaint and to discuss his currently

Motion for Extension
Case No. 3:18-cv-00581-MMD-CBC
2
U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

1 | pending motion. Michael Gentry stated that he opposed any extension of time to respond to the
2 | complaint.

## Discussion

Under Rule 6(b), the Court may, for good cause shown, extend the time for a defendant to file an answer or otherwise respond to the initial pleading. Fed. R. Civ. P. 6(b). "Trial courts have broad authority to impose reasonable time limits." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

In order to respond to the complaint, the United States must investigate the tax history of plaintiffs. This requires coordination with the IRS and a thorough review of IRS records. Due to the lapse of appropriations, the IRS has just begun tracking down the relevant records at this time, and it will not be able to complete the process before February 19, 2019. It is in the best interest of all parties and this Court to allow more time because then the United States can fairly and substantively respond to all of the complaint's claims. This is good cause for an extension.

The United States was unable to work on this matter for thirty-five days during the partial government shutdown, and so an extension of at least thirty-five days, to March 26, 2019, would be fair if the Court requires any sort of response at this time. But based on Plaintiffs' filings, it does not appear that any sort of response is due. According to the proof of service, Michael Gentry served the United States himself by mailing the summons and complaint.

Rule 4 requires that service be made by a non-party. Fed. R. Civ. P. 4(c)(2). This requirement applies even when service is by mail. *See Constien v. United States*, 628 F.3d 1207, 1213-14 (10th Cir. 2010) (explaining how the history of Rule 4 shows that non-parties must send certified mail to effect service on the United States); *see also Palmer v. Jacobson*, No. C09-1704-JCC, 2010 WL 5340769, at *2 (W.D. Wash. Dec. 17, 2010) (service by Plaintiff is

Motion for Extension   3
Case No. 3:18-cv-00581-MMD-CBC

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

improper); 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1106 n.15 (4th ed. 2016). Under this standard, Plaintiffs have not properly served the United States and there should be no deadline for a response to the complaint at this time.

The United States recognizes that Plaintiffs are pro se, and it is not seeking an overly harsh consequence for their failure to cooperate with the Rules. The Court should hold that the United States does not need to answer at all at this point. But even if it will not hold that, it should at least grant the Motion for Extension.

For the foregoing reasons, the United States respectfully requests that the Court hold that the United States does not need to respond to the complaint at this time, or in the alternative extend the response deadline to March 26, 2019.

Respectfully submitted this 5th day of February, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ *Alexander Stevko*
ALEXANDER STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice

NICHOLAS A. TRUTANICH
U.S. Attorney
District of Nevada
*Attorneys for United States*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: 2/6/2019

Motion for Extension
Case No. 3:18-cv-00581-MMD-CBC

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

# CERTIFICATE OF SERVICE

I, Alexander Stevko, certify that on February 5, 2019, I filed the foregoing motion on the Court's e-filing system.

I also certify that on the same day I served the foregoing motion by first-class mail to the following persons:

**Michael E. Gentry**
495 McLean Road
Fallon, Nevada 89406
*Plaintiff, pro se*

**Laurie A. Gentry**
495 McLean Road
Fallon, Nevada 89406
*Plaintiff, pro se*

/s/ Alexander E. Stevko
ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice

Motion for Extension
Case No. 3:18-cv-00581-MMD-CBC

5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395