UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL EDWARD GENTRY, *et al.*, | Case No. 3:18-cv-00581-MMD-CBC |
| Plaintiffs, | |
| v. | ORDER |
| U.S. TREASURY DEPARTMENT (INTERNAL REVENUE SERVICE), | |
| Defendant. | |

**I.    SUMMARY**

*Pro se* Plaintiffs Michael Edward Gentry and Laurie Anne Gentry sued Defendant the U.S. Treasury Department (Internal Revenue Service) (the "Government"), primarily seeking the return of $16,876 Plaintiffs allegedly overpaid to the Government in taxes. (ECF No. 1 at 4.) Before the Court is the Government's motion to dismiss Plaintiffs' Complaint, partially for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and partially for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (the "Motion").[1] (ECF No. 21.) Plaintiffs have filed several other motions as well. (ECF Nos. 23, 34, 41.) Because the Court agrees with the Government that it lacks jurisdiction over aspects of Plaintiffs' claim, and Plaintiffs otherwise fail to state a claim—and as further explained below—the Court will grant the Motion and deny Plaintiffs' other motions as moot.

///

///

///

---

[1]Plaintiffs filed a response (ECF No. 24), and the Government filed a reply (ECF No. 27). Plaintiffs also filed what appears to be a duplicate of their response the next day. (ECF No. 25.) As the later-filed document appears to be a duplicate of Plaintiffs' response, the Court will not consider it in ruling on the Motion.

## II. BACKGROUND

The facts described in this paragraph are adapted from Plaintiffs' Complaint. (ECF No. 1.) Plaintiffs assert this Court has federal question jurisdiction under the 4th Amendment to the U.S. Constitution (for "unlawful seizure")[2] and "IRS Pub. 1660 wrongful levy[.]"[3] (*Id.* at 3.) Plaintiff Michael Edward Gentry became disabled in March 2013, and filed his taxes for that year as he awaited a Social Security hearing that ultimately occurred in July 2016. (*Id.* at 4.) The IRS placed a lien on his property as if he had retired early. (*Id.*) Mr. Gentry had to pay the lien out of his disability award (presumably from Social Security), which he did on October 13, 2016. (*Id.*) He then filed an amended tax return on August 10, 2018. (*Id.*) The IRS claimed Mr. Gentry's amended return was not timely, and refused to repay him the money he previously paid to satisfy the IRS's lien. (*Id.*) Plaintiffs seek the repayment of $16,876 (also referred to as 'overpaid tax'), with interest, and "Compensation for Costs & Damages – IE libel, & notification of credit bureaus[.]" (*Id.*)

The Government fills in the gaps of the allegations in Plaintiffs' Complaint by filing an official copy of Plaintiffs' certificate of assessments, payments, and other specified matters for the tax period ending December 31, 2013 with its Motion.[4] (ECF No. 21-1.)

---

[2]As explained *infra*, the Court construes this to mean Plaintiffs are seeking a refund of allegedly overpaid taxes.

[3]This appears to refer to an Internal Revenue Service ("IRS") publication on collection appeal rights. *See* IRS, Collection Appeal Rights (last accessed Oct. 30, 2019); https://www.irs.gov/pub/irs-pdf/p1660.pdf.

[4]The Court will consider the contents of this document in ruling on the 12(b)(1) arguments presented in the Motion. Plaintiffs object to neither the admissibility of this document, nor the accuracy of its contents. (ECF No. 24.) Further, this document is admissible under Fed. R. Evid. 803(8), and self-authenticating under Fed. R. Evid. 902(1). *See Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992) (rejecting evidentiary challenges to the same type of document). And the Court may consider evidence in ruling on the Government's 12(b)(1) arguments without converting the Motion into one for summary judgment. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted) ("With a factual Rule 12(b)(1) attack, however, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment.").

1  This document provides a timeline regarding Plaintiffs' taxes relevant to this case. On

2  April 15, 2014, Plaintiffs filed a tax return for tax year 2013 and were assessed taxes of

3  $16,876. (*Id.* at 2.) That same day, the records indicate Plaintiffs had already paid

4  $4,174 in taxes through withholdings (the "First Payment"), and were assessed a failure

5  to pay tax penalty of $127.02 by the Government, along with interest of $50.21. (*Id.*)

6  Then there is a note dated June 4, 2014, "currently not collectable hardship status." (*Id.*)

7        On July 18, 2014, the Government filed a notice of federal tax lien (the "Lien").

8  (*Id.*) The Government issued a lien filing collection due process ("CDP") notice on July

9  22, 2014. (*Id.*) There are notes indicating the Government received a timely request for a

10  "CDP Hearing" on July 28, 2014, and set a hearing that day. (*Id.*) The Government

11  assessed fees and collection costs of $30 regarding the Lien on August 11, 2014. (*Id.*)

12  Plaintiffs made a payment of $4000 to the Government on August 22, 2014 (the "Second

13  Payment"). (*Id.*)

14        In 2015, the Government issued several penalties and assessed interest against

15  Plaintiffs. (*Id.* at 3-4.) The CDP hearing process also occurred, and eventually resolved

16  with an issuance of a notice of determination on March 26, 2015. (*Id.* at 3.)

17        On August 30, 2016, Plaintiffs made a payment of $10,642.72 to the Government

18  (the "Third Payment"). (*Id.* at 4.) That same day, the Government assessed Plaintiffs

19  $175.36 in interest, and a failure to pay tax penalty of $347.82. (*Id.*) On September 30,

20  2016, Plaintiffs made another payment of $79.79.

21        There are two notes from 2018 indicating that a claim was disallowed—one on

22  October 8, 2018, and the other on December 10, 2018. (*Id.* at 4.) As of February 27,

23  2019, the records reflect that Plaintiffs did not owe the Government any money. (*Id.* at

24  5.)

25        By combining Plaintiffs' allegations in their Complaint with the information

26  provided by the Government, the Court construes the Complaint as seeking repayment

27  of allegedly overpaid taxes. The gist of Plaintiffs' Complaint is that they should not have

28  to pay the $16,876 in taxes they were assessed on their 2013 tax return—which led to

1   the Government imposing the Lien and related proceedings. Because they eventually

2   did pay that $16,876, Plaintiffs would like it back, along with additional damages for the

3   time and trouble they have spent on this matter over the years. (ECF Nos. 1, 24.)

4   **III.    DISCUSSION**

5   The Government divides the Motion into a Fed. R. Civ. P. 12(b)(1) section, and a

6   12(b)(6) section. For convenience and clarity, the Court adopts the same structure here.

7   As further explained below, while the Court is sympathetic to Plaintiffs' difficult life

8   circumstances, the Court will grant the Motion because Plaintiffs' entire case is based on

9   a faulty premise. Plaintiffs appear to believe that because they are disabled, any early

10  distribution of their retirement funds is not taxable. That is simply incorrect. Assuming

11  Plaintiffs are disabled, the early withdrawal from Mr. Gentry's retirement account is not

12  subject to the additional 10% early withdrawal penalty, but remains subject to taxation

13  because tax had not previously been paid on that income. *See Williams v. U.S. Dep't of*

14  *Treasury I.R.S.*, No. 07-CV-212C, 2013 WL 7121192, at *8 (W.D.N.Y. Jan. 29, 2013)

15  ("The disability exception, if applicable, relieves the taxpayer only of the 10–percent

16  additional tax; ordinary income tax is still owed on an early distribution out of an IRA.")

17  (citing 26 U.S.C. § 408(d)(1)) (other citations omitted).

18  **A.    Jurisdictional Issues**

19  The Government first argues the Court lacks subject matter jurisdiction over

20  Plaintiff's Complaint to the extent it is based on the First Payment or the Second

21  Payment because they filed an amended return after the statute of limitations applicable

22  to these payments allows. (ECF No. 21 at 4-7.) Plaintiffs appear to respond that the

23  statute of limitations should be tolled because of disability, citing 26 U.S.C. § 6511, and

24  that their amended return was timely because of a date indicated in column e of Form

25  668(z). (ECF No. 24 at 2, 3.) The Court agrees with the Government. The Court lacks

26  subject matter jurisdiction over Plaintiffs' claim to the extent it is based on the First

27  Payment or the Second Payment.

28  ///

**1.	Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Plaintiff's burden is subject to a preponderance of the evidence standard. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)).

Here, the Government brings a factual attack on the Court's jurisdiction over portions of Plaintiffs' claim. (ECF No. 21 at 5-7.) In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See Safe Air for Everyone v. Myer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Once a moving party has converted a motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *See Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *see also Trentacosta v Front. Pac. Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir. 1987) (stating that on a factually attacked 12(b)(1) motion to

1  dismiss, the nonmoving party's burden is that of Rule 56(e)). However, on a factual

2  attack, the court may not "resolve genuinely disputed facts where the question of

3  jurisdiction is dependent on the resolution of factual issues going to the merits." *Kohler v.*

4  *CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011) (citations and quotation marks

5  omitted).

6  **2.  Discussion**

7  "Although the doctrine of sovereign immunity would ordinarily bar" suits like this

8  one, "the United States has waived its immunity from suit by allowing a taxpayer to file a

9  civil action to recover 'any internal-revenue tax alleged to have been erroneously or

10  illegally assessed or collected.'" *Baldwin v. United States*, 921 F.3d 836, 839 (9th Cir.

11  2019) (citing 28 U.S.C. § 1346(a)(1)) (currently on appeal). But "[u]nless a taxpayer has

12  duly filed a claim for refund of federal taxes with the IRS, a district court is without

13  jurisdiction to entertain a suit for refund[,] and a claim is not duly filed unless it is timely."

14  *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987) (citations omitted). "A claim for

15  a refund must be filed within three years of the time the return was filed or two years of

16  the time the tax was paid, whichever is later." *Id.* (citing 26 U.S.C. § 6511(a)).

17  Plaintiffs filed the tax return at issue here by April 15, 2014. (ECF No. 21-1 at 2.)

18  Plaintiffs filed their amended tax return on August 10, 2018. (ECF No. 1-5.) This is more

19  than three years from the date they filed their original return. However, as described

20  *supra*, Plaintiffs made several payments towards the $16,876 in taxes assessed on April

21  15, 2014. (ECF No. 21-1.) Plaintiffs' claim could therefore be based on those

22  payments—and not time-barred—if they were made less than two years before August

23  10, 2018. *See* 26 U.S.C. § 6511(a).

24  The applicable statute of limitations bars Plaintiffs' claim as to the First Payment

25  and the Second Payment, but not as to the Third Payment—because only the Third

26  Payment was made less than two years before August 10, 2018. *See* 26 U.S.C. §

27  6511(a). Plaintiffs made the First Payment of $4,174 through withholdings by April 15,

28  2014, the Second Payment of $4,000 on August 22, 2014, and the Third Payment of

1  $10, 642.72 on August 30, 2016. (ECF No. 21-1.) The Court therefore lacks jurisdiction

2  over Plaintiffs' claims to the extent they are based on either the First Payment or the

3  Second Payment, as they were made more than two years before August 10, 2018. *See*

4  26 U.S.C. § 6511(a); *see also Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089

5  (9th Cir. 2007) (stating that failure to timely file an administrative claim with the IRS

6  divests the district court of jurisdiction over the claim).

7  Further, the Court is not persuaded by the two arguments Plaintiffs make in an

8  attempt to resist this conclusion. Plaintiffs specifically argue the statute of limitations

9  should be tolled because of disability, citing 26 U.S.C. § 6511, and that their amended

10  return was timely because of a date indicated in column e of Form 668(z). (ECF No. 24

11  at 2, 3.) First, just because Plaintiffs may be disabled under the criteria set forth by other

12  agencies, they are not necessarily economically disabled within the meaning of 26

13  U.S.C. § 6511(h). Indeed, 26 U.S.C. § 6511(h)(2)(A) more specifically provides that "[a]n

14  individual shall not be considered to have such an impairment unless proof of the

15  existence thereof is furnished in such form and manner as the Secretary may require."

16  Plaintiffs have not proffered any evidence or argument to the effect that the IRS declared

17  them financially disabled, or that they presented sufficient evidence to establish their

18  disability under 26 U.S.C. § 6511(h) to the IRS' satisfaction. Second, the Court agrees

19  with the Government (ECF Nos. 21 at 6, 27 at 4) that the reference Plaintiffs point to in

20  Form 668(z)—July 2, 2024—indicates the Government's deadline for refiling a tax lien,

21  not the latest date that Plaintiffs could file an amended tax return for tax year 2013—

22  again, the statute of limitations is found in 26 U.S.C. § 6511.

23  **B.    Third Payment**

24  That leaves the Third Payment. The Court has jurisdiction to consider the merits

25  of Plaintiff's refund request as to that payment. The Government argues the Court

26  should dismiss this claim for failure to state a claim because, even accepting Plaintiffs'

27  allegations as true, Plaintiffs have not alleged they overpaid their taxes. (ECF No. 21 at

28  7-9.) Plaintiffs effectively respond that they did—that they should not owe any taxes on

1  the early retirement distribution Mr. Gentry took in 2013 because the Social Security

2  Administration later found him disabled. (ECF No. 24 at 1-2.) The Court again agrees

3  with the Government.

4          **1.**      **Legal Standard**

5       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

6  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

7  "a short and plain statement of the claim showing that the pleader is entitled to relief."

8  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Pro se*

9  pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*,

10  901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, while Rule 8 does not require detailed

11  factual allegations, it demands more than "labels and conclusions" or a "formulaic

12  recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

13  (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise

14  above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to

15  dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that

16  is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

17       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

18  apply when considering motions to dismiss. First, a district court must accept as true all

19  well-pled factual allegations in the complaint; however, legal conclusions are not entitled

20  to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of

21  action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second,

22  a district court must consider whether the factual allegations in the complaint allege a

23  plausible claim for relief. *See Id.* at 679. A claim is facially plausible when the plaintiff's

24  complaint alleges facts that allow a court to draw a reasonable inference that the

25  defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does

26  not permit the court to infer more than the mere possibility of misconduct, the complaint

27  has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679

28  (internal quotation marks omitted). That is insufficient. A complaint must contain either

direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

### 2. Discussion

The Court will dismiss Plaintiffs' Complaint to the extent it is based on the Third Payment because Plaintiffs' allegations do not support their claim that they overpaid their taxes. Plaintiffs have merely taken an incorrect legal position in bringing this case. Specifically, they are mistaken in arguing that they do not have to pay any tax on the early retirement distribution Mr. Gentry took in 2013 because they are disabled. They do. At most, they were not required to pay the additional 10% early withdrawal penalty. *See* 26 U.S.C. § 408(d)(1) (providing that "any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee, as the case may be, in the manner provided under section 72"); 26 U.S.C. § 72(t)(1) ("If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income."); 26 U.S.C. § 72(t)(2)(iii) (providing an exception for employees with a qualifying disability only from 26 U.S.C. § 72(t)(1)).

The tax return Plaintiffs attached to their Complaint indicates they already claimed they were not required to pay the additional 10% penalty. (ECF No. 1-4.) That tax return appears correct. Plaintiffs were required to pay the $16,876 they indicated they were required to pay on their 2013 tax return. (*Id.* at 2.) They did not overpay their taxes.

In sum, the Court will dismiss Plaintiffs' Complaint in its entirety because the Court lacks jurisdiction over the Complaint to the extent it is based on the First Payment or Second Payment, and Plaintiffs fail to state a claim as to the Third Payment. Plaintiffs

1  were—and are—required to pay ordinary income tax on the early distribution from Mr.

2  Gentry's retirement account he made in 2013. *See Williams*, 2013 WL 7121192, at *8.

3  **C.    Leave to Amend**

4  When, as here, the Court grants a motion to dismiss, it must then decide whether

5  to grant leave to amend. The Court should "freely give" leave to amend when there is no

6  "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to

7  cure deficiencies by amendments previously allowed, undue prejudice to the opposing

8  party by virtue of ... the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a);

9  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied

10  when it is clear that the deficiencies of the complaint cannot be cured by amendment.

11  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). This is such

12  a case. The deficiencies in Plaintiffs' complaint cannot be cured through amendment

13  because they arise from the very nature of their lawsuit. Plaintiffs cannot establish they

14  overpaid their taxes under these facts, or any consistent facts. Thus, amendment would

15  be futile. The Court will dismiss Plaintiffs' case with prejudice.

16  **D.    Other Motions**

17  There are several motions pending before the Court beyond the Motion. The

18  Court addresses those motions here. More specifically, since the Government filed its

19  Motion, Plaintiffs have filed: (1) a motion for summary/default judgment (ECF No. 23); (2)

20  a 'new' motion regarding denial of due process wrongful levy during judicial review (ECF

21  No. 34); and (3) a motion for default judgment (ECF No. 41). Because the Court is

22  granting the Government's Motion and dismissing Plaintiffs' Complaint, the Court will

23  deny these three other motions as moot.

24  **IV.    CONCLUSION**

25  The Court notes that the parties made several arguments and cited to several

26  cases not discussed above. The Court has reviewed these arguments and cases and

27  determines they do not warrant discussion as they do not affect the Court's decision.

28

1    It is therefore ordered that the Government's motion to dismiss (ECF No. 21) is

2    granted. Plaintiffs' Complaint is dismissed with prejudice because amendment would be

3    futile.

4         It is further ordered that Plaintiffs' motion for summary/default judgment (ECF No.

5    23) is denied as moot.

6         It is further ordered that Plaintiffs' 'new' motion regarding denial of due process

7    wrongful levy during judicial review (ECF No. 34) is denied as moot.

8         It is further ordered that Plaintiff's motion for default judgment (ECF No. 41) is

9    denied as moot.

10        The Clerk of Court is directed to enter judgment accordingly and close this case.

11        DATED THIS 7th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE